NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DE LOS ANGELES MERAZ ESPINDOLA, O.H.M., AND F.L.H.M., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Attorney General, <br><br> Respondent. | No. 21-70144 <br><br> Agency Nos. <br> A206-265-569 <br> A206-265-570 <br> A206-265-571 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2026[**]
Seattle, Washington

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and LIBURDI, District
Judge.[***]

Lead Petitioner Maria De Los Angeles Meraz Espindola and her two minor

children (collectively, Petitioners), petition for review of a decision of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael T. Liburdi, United States District Judge for
the District of Arizona, sitting by designation.

Immigration Appeals (BIA) dismissing their appeal from an order of an Immigration Judge (IJ) denying their claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

We confine our review to the BIA's decision, except to the extent the BIA expressly adopted the IJ's decision. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We review questions of law de novo and factual determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

The BIA adopted and affirmed the IJ's determination that Petitioners are ineligible for asylum because the harm Petitioners experienced did not rise to the level of past persecution and Petitioners failed to show a well-founded fear of future persecution. To be eligible for asylum, a petitioner must demonstrate a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The petitioner's fear must be objectively reasonable and subjectively genuine. *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000), *overruled on other grounds by Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). The objective prong of the well-founded fear analysis can be satisfied in two different ways: "One

way to satisfy the objective component is to prove persecution in the past, giving rise to a rebuttable presumption that a well-founded fear of future persecution exists. The second way is to show a good reason to fear future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Id.* Asylum is "unavailable if '[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and . . . it would be reasonable to expect the applicant to do so.'" *Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.13(b)(1)(i)(B)).

Here, substantial evidence supports the IJ's conclusion that the harm Petitioners experienced did not rise to the level of past persecution. The tragic murders of Meraz Espindola's husband and his uncle, and the wounding of his cousin, do not compel a finding of past persecution because Petitioners did not provide sufficient evidence that such harm was "closely tied" to Petitioners themselves. *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (citation modified). Likewise, the anonymous and indirect threats delivered to Meraz Espindola do not compel the conclusion that Petitioners experienced past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). In the absence of past persecution, Petitioners are not entitled to a presumption of a well-founded fear of future persecution. *See Ladha*, 215 F.3d at 897. The record

3

does not compel the conclusion that Petitioners have a well-founded fear of future persecution because Petitioners failed to advance evidence as to why their previous safe relocation could not be replicated. Therefore, substantial evidence supports the agency's conclusion that Petitioners are ineligible for asylum.

Substantial evidence supports the agency's conclusion that Petitioners are ineligible for withholding of removal because Petitioners' failure to demonstrate an objectively reasonable fear of future persecution for asylum necessarily foreclosed the possibility of showing a clear probability of future persecution for withholding. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2017).

The BIA adopted and affirmed the IJ's conclusion that Petitioners did not establish they will more likely than not be tortured in Mexico by or with the consent or acquiescence of a public official because Petitioners' evidence of this risk was too speculative. To qualify for CAT relief, the "torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (citation modified). "[I]n assessing eligibility for CAT relief, the agency must consider the possibility of relocation—without regard for the reasonableness of relocation that is considered in other types of applications." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) (emphasis omitted) (citing 8 C.F.R. § 1208.16(c)(3)).

Here, the record does not compel a finding of government consent or acquiescence to torture because, as the IJ observed, Petitioners' "fears relate to private individuals," not government actors. *See Garcia-Milian*, 755 F.3d at 1033. The record similarly does not compel the conclusion that Petitioners "could not rely on the police to help [them]" because they did not report the murders of their family members to the police. Substantial evidence also supports the agency's finding that Petitioners likely can safely relocate because they already did so without experiencing harm or threats. Thus, we conclude that substantial evidence supports the agency's conclusion that Petitioners did not meet their burden for CAT protection.

**PETITION DENIED.**